# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 8:12-cv-2695-JMC |
| ) | |
| JOSE JESUS SANCHEZ, ROMAN ) | |
| VEGA, AND PATRON CUATRO, INC. ) | |
| dba EL PATRON MEXICAN ) | |
| RESTAURANT, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ANSWER AND DEFENSES

The Defendants, Patron Cuatro, Inc. dba El Patron Mexican Restaurant, Jose Jesus Sanchez, and Roman G. Vega, answering the Plaintiff's Complaint, would respectfully show the Court and allege that:

### For a First Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### For a Second Defense

Plaintiff's claims are barred by the affirmative defense of estoppel.

### For a Third Defense

Plaintiff's claims are barred by the affirmative defense of waiver.

### For a Fourth Defense

Plaintiff's claims are barred by the affirmative defense of laches.

### For a Fifth Defense

Plaintiff's claims are barred by the affirmative defense of accord and satisfaction.

**For a Sixth Defense**

Plaintiff's own acts or omissions have caused and/or contributed to Plaintiff's alleged damages, to the extent they exist, and as a result Plaintiff is therefore barred from any recovery.

**For a Seventh Defense**

Any damages allegedly sustained by the Plaintiff, which is denied, was only caused by the acts or omissions of entities or persons other than the Defendants, which acts or omissions constitute the intervening and superseding cause of the Plaintiff's alleged damages and bar the Plaintiff's claims against these Defendants.

**For an Eighth Defense**

Plaintiff's claims are barred by settlement and release.

**For a Ninth Defense**

As discovery has not been completed, the Defendants, and each of them, expressly reserve the right to supplement and to add additional defenses, including all affirmative defenses, does not waive any defenses and hereby asserts all defenses at law and in equity not stated hereinabove.

**For a Tenth Defense**

The Plaintiff is not entitled to an award of punitive damages because, among other reasons, such damages violate the Fifth and Fourteenth Amendments of the United States Constitution in that:

(a)    The Federal judiciary's ability to correct a punitive damages award at the appellate level is inconsistent with due process guarantees;

(b)    Any award of punitive damages serving a compensatory function is inconsistent with due process guarantees;

(c)    To the extent and award of punitive damages is excessive, such award violates due process guarantees;

(d)    The court's unfettered power to award punitive damages in any amount it chooses

        is wholly devoid of meaningful standards and is inconsistent with due process guarantees;

(e)    Even if it could be argued that the standard governing the imposition of punitive damages exists, the standard is void for vagueness; and

(f)    The Plaintiff's claims for punitive damages violates the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, and Article I, Section 3 of the South Carolina Constitution, in that the amount of punitive damages is based upon the wealth and status of the Defendants.

### For an Eleventh Defense

For their eleventh defense, the Defendants answer the enumerated allegations contained in the Complaint as set forth below. The replication of headings is for convenience only and any factual assertions set forth in the Complaint's headings are denied.

### JURISDICTION AND VENUE

1. Paragraph 1 states a legal conclusion. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 1 of the Complaint and therefore deny same and demand strict proof thereof.

2. Paragraph 2 is denied, and strict proof thereof is demanded. Specifically, the Defendants deny that they committed any wrongful acts, that they violated the rights of the Plaintiff, or that they intercepted and/or tortuously converted property of the Plaintiff.

3. Defendants admit that venue is proper in the District of South Carolina inasmuch as the Plaintiff's allegations assert that acts or omissions occurred in the District, said acts or omissions being denied by the Defendants.

## THE PARTIES

4.  The Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 4 of the Complaint and therefore deny same and demand strict proof thereof.

5.  With regard to Paragraph 5, it is admitted that Jose Jesus Sanchez is a citizen and resident of the County of Anderson, State of South Carolina.

6.  With regard to Paragraph numbered 6, it is admitted that Roman G. Vega is a citizen and resident of the County of Greenville, State of South Carolina.

7.  Further, it is admitted that Jose Jesus Sanchez and Roman G. Vega are corporate members, principals, and/or managers of Defendant Patron Cuatro, Inc. dba El Patron Mexican Restaurant.

8.  With regard to Paragraph 8 of Plaintiff's Complaint, the Defendants admit that they had at least some management authority over the establishment known as El Patron Mexican Restaurant (in Anderson, South Carolina). The remaining allegations are denied and strict proof is demanded thereof.

9.  Paragraph 9 is denied, and strict proof thereof is demanded.

10. The allegations of Paragraph 10 of the Plaintiff's Complaint are admitted.

## COUNT I

11. The Defendants incorporate by reference all of their preceding responses to Paragraphs 1 through 10 of the Complaint as though fully set forth herein.

12. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 12 of the complaint and therefore deny same and demand strict proof thereof.

13. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 13 of the Complaint and therefore deny same and demand strict proof thereof.

14. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 14 of the Complaint and therefore deny same and demand strict proof thereof.

15. Paragraph 15 is denied, and strict proof thereof is demanded.

16. Paragraph 16 is denied, and strict proof thereof is demanded.

17. Paragraph 17 is denied, and strict proof thereof is demanded.

18. Paragraph 18 is denied, and strict proof thereof is demanded.

19. Paragraph 19 states a legal conclusion. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 19 of the Complaint and therefore deny same and demand strict proof thereof.

20. Paragraph 20 states a legal conclusion. The Defendants deny that they violated any section of the United States Code and demand strict proof thereof.

21. Paragraph 21 states a legal conclusion. The Defendants deny that they violated any section of the United States Code and demand strict proof thereof.

**COUNT II**

22. The Defendants incorporate by reference all of their preceding responses to Paragraphs 1 through 22 of the Complaint as though fully set forth herein.

23. Paragraph 23 is denied, and strict proof thereof demanded.

24. Paragraph 24 states a legal conclusion. The Defendants deny that they violated any section of the United States Code and demand strict proof thereof.

25. Paragraph 25 is denied, and strict proof thereof is demanded.

26. Paragraph 26 states a legal conclusion. The Defendants deny that they violated any section of the United States Code and demand strict proof thereof.

27. Paragraph 27 states a legal conclusion. The Defendants deny that they violated any section of the United States Code and deny that the Plaintiff is entitled to any damages and demand strict proof thereof.

28. Paragraph 28 states a legal conclusion. The Defendants deny that they violated any section of the United States Code and deny that the Plaintiff is entitled to any damages and demand strict proof thereof.

## COUNT III

29. The Defendants incorporate by reference all of their preceding responses to Paragraphs 1 through 28 of the Complaint as though fully set forth herein.

30. Paragraph 30 is denied, and strict proof thereof is demanded.

31. Paragraph 31 is denied, and strict proof thereof is demanded.

## **GENERAL DENIAL**

32. Except to the extent that factual allegations contained in the Complaint are expressly admitted in the preceding paragraphs of this Answer, they are hereby denied and strict proof thereof is demanded. Further, the Defendants deny that the Plaintiff is entitled to any of the relief sought in this action against them.

## REQUEST FOR RELIEF

WHEREFORE, the Defendants, and each of them, respectfully request that the Court:

(a) Dismiss each count of Plaintiff's Complaint with prejudice;

(b) Award the Defendants their expenses of litigation, including attorney's fees, against the Plaintiff; and

(c) Grant the Defendants such other and further relief as the Court deems just and proper.

This 14th day of December, 2012.

Respectfully submitted,

**KRAUSE, MOORHEAD & DRAISEN, P.A.**

s/Daniel L. Draisen
Daniel L. Draisen, Federal ID# 7226
207 East Calhoun Street
Anderson, South Carolina 29621
Tel. (864) 225-4000
Fax: (864) 964-0788
ddraisen@kmdlawyers.com
**ATTORNEYS FOR THE DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the *Answer and Defenses of Defendants, Jose Jesus Sanchez, Roman Vega, and Patron Cuatro, Inc. dba El Patron Mexican Restaurant* by depositing same in the United States mail in a properly addressed envelope with adequate postage (First Class) thereon to all parties listed:

> Eric C. Hale, Esq.
> Law Office of Eric C. Hale, LLC
> P.O. Box 1605
> Irmo, South Carolina 29063-1605

Dated:  December 14, 2012

> s/Daniel L. Draisen_____
> Daniel L. Draisen, Esq.
> Krause, Moorhead & Draisen, P.A.
> 207 East Calhoun Street
> Anderson, South Carolina  29621

8